# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-81V
Filed: March 24, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
PHYLLIS WEBB,                         *
                                      *
            Petitioner,               *
      v.                              *
                                      *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Amber Wilson*, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.
*Michael Milmoe*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 27, 2015, Phyllis Webb ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") casually related to the influenza vaccine she received on September 28, 2014. Petition, ¶¶ 2, 13, 15. On December 15, 2015, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 24).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 24, 2016, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 28).[3]  Petitioner requests attorneys' fees and costs in the amount of $14,143.87.  *Id.* at ¶ 5.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.* at ¶ 4.  Moreover, in compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  Declaration, filed Mar. 24, 2016 (ECF No. 29).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $14,143.87[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amber D. Wilson, Esq.**  Petitioner "requests that the award for attorney's fees and costs be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236."  Motion at ¶ 6 (ECF No. 28).

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] The motion was filed as an unopposed motion, and in the motion, petitioner states that respondent has no objection to petitioner's request.  Motion at ¶ 3 (ECF No. 28).

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.